J-S08023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICKY TEJADA | : | |
| | : | |
| Appellant | : | No. 841 MDA 2020 |

Appeal from the PCRA Order Entered June 5, 2020,
in the Court of Common Pleas of Huntingdon County,
Criminal Division at No(s):  CP-31-CR-0000389-2014.

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: JUNE 24, 2021**

Ricky Tejada appeals *pro se* from the order denying his first timely petition relief pursuant to the Post Conviction Relief Act ("PCRA").   42 Pa.C.S.A. §§ 9541-46.  We affirm.

The facts and pertinent partial procedural history previously have been summarized in detail:

> The facts are simple.  While housed at the state correctional facility on another matter, [Tejada] spit in the face of a corrections officer who was attempting to remove [Tejada] from the law library.  On January 23, 2015, shortly before trial was to begin, the parties appeared before the court to address [Tejada's] attire.  The prosecutor informed the judge that [Tejada] wished to appear in his Department of Corrections jumpsuit instead of a suit.  The judge advised [Tejada] that the choice was his and asked what he wished to do, but [Tejada] failed to respond to the trial judge's inquiry.  Thereafter, [Tejada's] counsel informed the court

_____

[*] Former Justice specially assigned to the Superior Court.

that [Tejada] had instructed him to tell the judge that [Tejada] simultaneously wished to represent himself and that he was incompetent to proceed to trial. [Tejeda's] counsel stated that he had attempted to speak to [Tejada] in person upon his appointment, but those efforts were fruitless. [Tejada] argued with the trial judge, informing him that he had irreconcilable differences with his attorney, and insisted that he did not understand what was happening. When informed the case would proceed to trial, [Tejada] claimed that counsel was forced upon him and that the court lacked jurisdiction. The judge informed [Tejada] that if his behavior continued he would be removed from the courtroom.

The trial court then brought in the jury. During opening remarks, [Tejada] attacked his lawyer.

\*\*\*

[Tejada] was thereafter removed from the courtroom. Counsel then moved for mistrial and asked to withdraw, both of which were granted. [Following the grant of mistrial, the Commonwealth requested, for safety reasons, that Tejada only participate in future proceedings via video surveillance. The court indicated that it would rule on this request at a later date.] One week later, the judge recused and the matter was reassigned.

At some point, the court ordered that [Tejada] was not permitted to attend the retrial. On April 29, 2015, the Commonwealth filed a motion seeking a pre-trial determination of the matter. . . . The court later issued an order scheduling a hearing.

On July 1, 2015, five days before jury selection, that hearing was conducted via videoconference link to the state correctional [institution] where [Tejada] was housed. The transcript of this proceeding is not in the certified record. The trial court characterized what occurred as follows:

> The [C]ourt held a hearing before the second trial in this matter in order to give [Tejada] the opportunity to rehabilitate himself and demonstrate his ability to conduct himself appropriately in the courtroom. At this hearing, [Tejada] only continued to display a

- 2 -

> disruptive demeanor and inability to allow court proceedings to continue in his presence.
>
> Trial Court Opinion, 4/22/16, at 3. [Tejada] does not dispute this assessment. . . .
>
> As a result of [Tejada's] behavior at this hearing, the court refused to permit [Tejada] to physically attend jury selection or trial. However, the court arranged for [Tejada's] attendance at trial via videoconference. The jury found [Tejada] guilty [of aggravated harassment by prisoner and the trial court sentenced him to twenty-one to forty-two months of imprisonment]. He filed post-sentence motions for relief, which were denied by operation of law.

**Commonwealth v. Tejada**, 161 A.3d 313, 315-16 (Pa. Super. 2017) (citations to record and footnote omitted).

Tejada filed a timely appeal to this Court, in which he challenged his participation by videoconference at jury selection, trial, and sentencing. In addition, Tejada claimed the trial court erred and/or abused its discretion by sentencing him without the benefit of a presentence report. **Id.** at 316. This Court first found no merit to Tejada's first claim. **See id.** at 317-320. However, we found merit to his sentencing claim; because a presentence report was ordered but not completed before the trial court imposed sentence, we vacated Tejada's judgment of sentence and remanded for further proceedings. **Id.** at 321.

Following remand, and the consideration of a presentence report, the trial court imposed the same standard-range sentence of twenty-one to forty-two months of imprisonment. Tejada filed a post-sentence motion, which the trial court denied. Tejada's appeal to this Court was deemed timely. **See**

*Commonwealth v. Tejada*, 216 A.3d 439 (Pa. Super. 2019) (non-precedential decision at 3-6). In this Court, Tejada's appellate counsel filed an application to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1986). In that brief, counsel raised five issues potentially supporting Tejeda's appeal. After considering counsel's withdrawal requirements and the merits of the issues raised, we granted counsel's application to withdraw and affirmed Tejada's judgment of sentence. *Id.* at 13. Tejada did not seek further review.

On July 18, 2019, Tejada filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and, on February 10, 2020, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley* 550 A.2d 213 (Pa. Super. 1988) (en banc). On April 24, 2020, the PCRA court granted counsel's petition to withdraw. On May 12, 2020, the PCRA issued a Pa.R.A.P. 907 notice of its intent to dismiss Tejada's PCRA petition without a hearing. On June 1, 2020, Tejada filed a response, as well as a *pro se* amended PCRA petition. By order entered June 5, 2020, the PCRA court denied Tejada's petition. This timely appeal followed. Both Tejada and the PCRA court have complied with Pa.R.A.P. 1925.

We reproduce Tejada's statement of questions verbatim:

> does the issue(s) argued in the pro se appellant brief plead and prove that ineffective assistance of counsel in the circumstances of this particular case, so undermineded the truth determining process, that no reliable adjudication of

guilt or innocense could have taken place, to which PCRA counsel was ineffective for not litigating?

does the issue(s) argued in this brief before the Superior Court, demonstrate that, the pro se appellant, never got his right, to the one fair, full, and meaningful opportunity to present ineffective assistance of counsel claims in post conviction setting, on first PCRA petition, following trial counsel, who was also appellate counsel, stewardship?

did PCRA court, commit an error of law and/or abuse it discretion, in not hearing appellant on facts argued in this brief, he moved PCRA court to take judicial notice of?

is the PCRA court order of 5/12/20 specific enough to notify the pro se PCRA petitioner, on his first PCRA petition, of the nature of the defects in this first, PCRA petition, or is the 5/12/20 dismissal notice inadequate?

Tejada's Brief at 3-4.[1]

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015)

(citations omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant

_____

[1] In a letter to our prothonotary, the Commonwealth stated that it would not be filing a brief in this appeal. Letter, 2/8/21, at 1.

> is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Before addressing the merits of Tejada's issues, we must first determine whether they are properly before us. When a court orders an appellant a Rule 1925(b) statement, issues not included in the statement are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Hannibal*, 156 A.3d 197, 211 (Pa. 2016) (reiterating that issues not raised in a petitioner's Rule 1925(b) statement will be deemed waived). It is important for an appellant to comply with this rule because the statement is meant to aid the lower court "in identifying and focusing upon those issues that the parties plan to raise on appeal [and] is thus a crucial component of the appellate process." *Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa. Super. 2008) (citation omitted). This bright-line application of waiver applies to *pro se* appellants with equal force. *See*, *e.g.*, *Commonwealth v. Schofield*, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues on appeal).

Here, in his Rule 1925(b) statement, Tejada raised four claims, the first two of which asserted that PCRA court erred in failing to appoint him new counsel "for PCRA purposes" including the amended petition he filed without

leave of court. *See* Concise Statement of Errors for the Appeal, 6/15/20, at 1. In addition, he claimed that the PCRA court erred in failing to "recuse itself." *Id.* Finally, Tejada asserted that "the PCRA court committed an error of law and/or abused its discretion in failing to specify the nature of the defects in [his] initial or amended PCRA petition." *Id.*

Comparing these claims to Tejada's questions involved on appeal reveal that, except for his final issue, they are markedly different than those raised in his Rule 1925(b) statement and addressed by the PCRA court in its Rule 1925(a) opinion. Thus, Tejada's first three claims were not properly preserved for review and are therefore waived. *Hannibal*, *supra*.

Although not identical, Tejada's claim regarding the PCRA court's Rule 907 notice is properly before us. Nevertheless, it is clear that the Rule 907 notice fully comported with the Pennsylvania Rules of Criminal Procedure. As noted by the PCRA court, it issued a Rule 907 notice after its review of the record confirmed PCRA counsel's assessment that Tejada's *pro se* petition failed to raise a genuine issue of material fact that would necessitate an evidentiary hearing. *Blakeney*, *supra*. Thus, Tejeda's only preserved claim fails. We therefore affirm the PCRA court's order denying him relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/24/2021